# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, | 3:18-cv-793 (KAD) |
| *Plaintiff/Counterclaim Defendant,* | |
| v. | |
| | April 24, 2019 |
| MELVIN THOMPSON, | |
| *Defendant/Counter Claimant.* | |

## MEMORANDUM OF DECISION RE:
## COUNTER CLAIM DEFENDANT'S MOTIONS TO DISMISS (ECF NOS. 15, 38)

Kari A. Dooley, United States District Judge

**Preliminary Statement of the Case**

The Defendant/Counter Claimant, Melvin Thompson ("Thompson"), proceeding *pro se*, brings a variety counterclaims against the Plaintiff/Counterclaim Defendant, Deutsche Bank National Trust Company ("Deutsche Bank"), arising out of the origination of, assignment of, and efforts to collect a home mortgage loan issued in 2003. In his amended counterclaim (ECF No. 14), Thompson alleges the following causes of action: violation of the Real Estate Settlement Procedures Act of 1974 ("RESPA"), 12 U.S.C. § 2605; violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1635; violation of the Home Ownership Equity Partnership Act ("HOEPA"), 12 C.F.R. § 1026.32; violation of the Dodd-Frank Wall Street Reform and Consumer Protection Act ("Dodd-Frank"), 15 U.S.C. § 1639(c); common law fraud; a violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen.Stat. §42-110a; negligence; slander of title; residential mortgage fraud, in violation of Conn. Gen.Stat. § 53-379a; and defamation. Deutsche Bank filed a motion to dismiss counts one through eight (ECF No. 15) of the amended counterclaim for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal

Rules of Civil Procedure and for failure to state a claim under Rule 12(b)(6). Deutsche Bank filed a motion to dismiss counts nine and ten of the amended counterclaim (ECF No. 38) for lack of subject matter jurisdiction under Rule 12 (b)(1). Thompson objected to both motions. (ECF Nos. 19, 40.) For the following reasons, the Deutsche Bank's Motions to Dismiss are **GRANTED**.

**Allegations**

Thompson alleges that the loan at issue in this foreclosure action, when issued in 2003, was void *ab initio* as having been procured through fraud by one or more third parties. He alleges that he was unaware of the fraudulent documentation associated with the loan before 2007. Thompson alleges that the Defendant, and others who have either serviced the loan, assigned the loan, or attempted to collect the loan, are fully aware that the loan was the product of fraud and that therefore, any effort to assign or to collect the debt are illegal pursuant to the various causes of action asserted. Specifically, he alleges that the loan was assigned to Deutsche Bank on or about July 31, 2015; that Deutsche Bank was aware the loan was the product of fraudulent conduct; that Deutsche Bank is therefore liable for the conduct of the third parties involved in the original transaction[1]; and that Deutsche Bank's efforts to collect the debt further gives rise to the ten counts in the amended counterclaim.

**Standard of Review**

The Defendant moves to dismiss the complaint on a variety of grounds under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. As is appropriate, the Court will address the existence of federal subject matter

---

[1] For example, Thompson alleges that Deutsche Bank violated the Truth in Lending Act by "den[ying] him the right to rescind the transaction until midnight of third business day following the consummation of the alleged transaction." (ECF No. 41, ¶ 70.) The transaction occurred in 2003, roughly twelve years before Thompson alleges his loan was assigned to Deutsche Bank.

2

jurisdiction prior to considering the adequacy of the allegations in the complaint. *See*, *e.g.*, *Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n*, 896 F.2d 674, 678 (2d Cir. 1990).

For purposes of a Rule 12(b)(1) or Rule 12(b)(6) motion to dismiss, the Court must accept as true all facts alleged in a complaint. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). Under Rule 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction … when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). A party asserting jurisdiction bears the burden of proving subject matter jurisdiction by a preponderance of the evidence. *Aurechione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005).

For purposes of Rule 12(b)(6), a complaint must include adequate factual allegations to state a claim to relief that is plausible on its face. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Mastafa v. Chevron Corp.*, 770 F.3d 170, 177 (2d Cir. 2014).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.... The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.... Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Iqbal*, 556 U.S. at 678. But the Court is not "bound to accept as true a legal conclusion couched as a factual allegation" nor "to accept as true allegations that are wholly conclusory." *Krys v. Pigott*, 749 F.3d 117, 128 (2d Cir. 2014). The Court, in recognition of Thompson's status as a *pro se* litigant, interprets his claims liberally and "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (citation and internal quotation marks omitted).

**Discussion**

Thompson has spent many years seeking relief in federal court against Deutsche Bank and others involved in the origination, assignment, or collection of the 2003 mortgage. *See Thompson v. Wachovia Corp.*, No. 3:06-cv-595 (SRU); *Thompson v. Barclays Capital Real Estate, Inc., d/b/a Barclays Homeq Servicing*, No. 3:10-cv-317 (AWT); *Thompson v. Accent Capital*, No. 3:11-cv-69 (AWT), 2011 WL 3651848 (D. Conn. Aug. 11, 2011), *aff'd*, 491 F. App'x 264 (2d Cir. 2012); *Thompson v. Ocwen Financial Corp.*, No. 3:13-cv-386 (JCH), 2013 WL 4522504 (D. Conn. Aug. 27, 2013), *Thompson v. Ocwen Fin. Corp.*, No. 3:16-CV-01606 (JAM), 2018 WL 513720 (D. Conn. Jan. 23, 2018). Of particular significance to the present amended counterclaim are the cases captioned *Thompson v. Ocwen Financial Corp., et al.*, No. 3:16-cv-01606 (JAM) and *Thompson v. Ocwen Financial Corp.,* No. 3:13-cv-386 (JCH). Each of these prior cases, like this case, was predicated on the allegedly fraudulent mortgage transaction in 2003 and subsequent assignments of the debt or efforts to collect the debt. And in each of those cases, the Court held that Thompson did not have standing to assert those claims because the claims were the property of Thompson's bankruptcy estate.

Deutsche Bank moves to dismiss the instant amended counterclaim, asserting that the decisions in these prior cases have equal application to the amended counterclaim and that Thompson therefore does not have standing to pursue them. This Court agrees.[2]

---

[2] The motion to dismiss implicates the Court's subject matter jurisdiction and so is examined for that purpose. But the amended counterclaim is also clearly barred by *res judicata.* Under the doctrine of *res judicata,* a "final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action," *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398, (1981), and constitutes an absolute bar "not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose," *SEC v. First Jersey Secs., Inc.*, 101 F.3d 1450, 1463 (2d Cir. 1996) (quoting *Nevada v. United States*, 463 U.S. 110, 129-30 (1983)). *See also Liona Corp. v. PCH Assocs.*, 949 F.2d 585, 594 (2d Cir. 1991) ("Res judicata, or claim preclusion, precludes a litigant from advancing in a new action all claims or defenses that were or could have been raised in a prior proceeding in which the same parties or their privies were involved and that resulted in a judgment on the merits."); *Clarke v. Frank*, 960 F.2d 1146, 1150 (2d Cir. 1992) (same); *N.L.R.B. v. United Technologies Corp.*, 706 F.2d 1254, 1259 (2d Cir. 1983) (same).

In this vein, Thompson filed a Chapter 7 bankruptcy petition on November 21, 2011. *See In re Melvin Thompson*, No. 3:11-bk-32924-LMW. Thompson listed on his bankruptcy schedules the various suits in which he was a party at the time he filed his petition. The list included two federal cases that were then-pending before Judge Thompson. *See Thompson*, No. 3:10-cv-317 (AWT); *Thompson*, No. 3:11-cv-69 (AWT). On March 19, 2012, the trustee of Thompson's bankruptcy estate, Barbara Katz, issued a report of no distribution. That same day she also filed a report of abandonment, in which she abandoned "all litigation in which the Debtor is a Plaintiff or Counter Plaintiff pending in the Connecticut Superior Court and in Federal Court, both District Court and the Court of Appeals." ECF No. 40 to *In Re Melvin Thompson*, No. 3:11-bk-32924-LMW.

Thompson received his final discharge from bankruptcy on April 24, 2014, and the bankruptcy case was closed on October 8, 2015. "At the time of the discharge, Thompson received a discharge injunction pursuant to 11 U.S.C. § 524(a)(2), which prohibits a creditor from attempting to collect on a personal liability which has been discharged in bankruptcy. All properly scheduled property of the bankruptcy estate that had not been discharged reverted to Thompson's possession." *Thompson*, 2018 WL 513720, at *2.

"A debtor or former debtor does not have standing to pursue claims that constitute property of a bankruptcy estate." *Tilley v. Anixter Incorporated, et al.*, 332 B.R. 501, 507 (D. Conn. 2005). A bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. §541(a)(1). "Such interests include causes of actions possessed by the debtor." *In re Jackson*, 593 F.3d 171, 176 (2d Cir. 2010). As Judge Meyer explained:

> [A]ll causes of action possessed by a debtor when the debtor's bankruptcy petition is filed no longer belong to the debtor but to the bankruptcy estate. So too do causes of action that

5

arise after filing but before the bankruptcy case is closed, at least if they are sufficiently rooted in the pre-bankruptcy past. Once a claim becomes part of the bankruptcy estate, it is only the trustee who has standing to pursue that claim until it has been validly abandoned. And while properly scheduled estate property that has not been administered by the trustee normally returns to the debtor when the bankruptcy court closes the case, **undisclosed assets automatically remain property of the estate after the case is closed.**

*Thompson*, 2018 WL 513720, at *2 (emphasis added; internal quotations and citations omitted).

As was the case in the prior actions, a review of Thompson's amended counterclaim reveals that the claims either arose pre-petition or are "sufficiently rooted" in his pre-bankruptcy past. Indeed, all of Thompson's claims derive from the original 2003 mortgage transaction and the events which unfolded thereafter with respect to that transaction. Deutsche Bank is alleged to have somehow ratified the prior fraud when it took assignment of the loan and is alleged to have committed a host of statutory and common law offenses against Thompson when it undertook efforts to collect the debt. Accordingly, Thompson's counterclaims were property of the bankruptcy estate.

But the **only** causes of action or claims disclosed to the bankruptcy court were those identified in "the two cases before Judge Thompson." *Id.* at *3. As a result, and as previously held, "the trustee's abandonment of all litigation in which the Debtor is a Plaintiff or Counter Plaintiff pending in the Connecticut Superior Court and in Federal Court, both District Court and the Court of Appeals, encompassed only these two cases before Judge Thompson, not any causes of action plaintiff had yet to pursue in any court and that were not listed in his bankruptcy schedules." *Id.* (internal quotations and citations omitted).

Further, because these claims were never disclosed to the bankruptcy court, they "automatically remain property of the estate after the case is closed." *Id.* at *2. *See also Thompson*, 2013 WL 4522504, at *5 ("Thompson would still have no standing, because none of his present claims were previously scheduled in that case or abandoned by the Chapter 7 trustee.")

6

Thompson does not have standing to pursue the causes of action in the amended counterclaim. Deutsche Bank's Motion to Dismiss Counts One through Eight of the Amended Counterclaim (ECF No. 15) is **GRANTED**. Deutsche Bank's Motion to Dismiss Counts Nine and Ten of the Amended Counterclaim (ECF No. 38) is **GRANTED.**[3] The Court further **DENIES**, as moot, Thompson's Motion for Prejudgment Remedy Against Counter Claim Defendant Deutsche Bank (ECF No. 20) and Motion for Summary Judgment on Counts Nine and Ten of Counter Claim Against Counter Claim Defendant Deutsche Bank (ECF No. 21).

**SO ORDERED** at Bridgeport, Connecticut, this 24th day of April 2019.

>   */s/ Kari A. Dooley*
>   KARI A. DOOLEY
>   UNITED STATES DISTRICT JUDGE

---

[3] It is worth noting that Count Nine purports to bring a claim pursuant to Conn. Gen. Stat. §53-379a for mortgage fraud. This is a criminal statute. It does not provide for a private cause of action. Count Nine, therefore, fails to state a claim for which relief can be granted, and would be dismissed on this basis as well. Count Ten purports to bring a defamation claim stemming from, it appears, Deutsche Bank's effort to collect the debt through the filing of a lawsuit. Thompson argues that this claim did not accrue until years after the bankruptcy closed. While this is not clear at all from the content of the amended counterclaim, the claim still relies upon underlying assertions that are barred by *res judicata, see* fn. 2, *supra*.